## Edward Kennedy v. A. E. Groves et al.

### Decided April 16, 1908.

**1.—Landlord and Tenant—Landlord's Lien—Assignee—Foreclosure.**

Ordinarily, when a tenant assigns the unexpired portion of his lease to another with the consent of the landlord, and the landlord accepts the assignee as his tenant, the original tenant is relieved from liability under the lease for future rents, and the goods of the original tenant remaining upon the premises in the possession of the subtenant are not subject to the landlord's lien for rents accruing after the assignment. But where the tenant sells his goods to the assignee at the time he assigns the lease, such goods are thereafter the property of the assignee, and are liable in his hands for the rent due by the tenant before the assignment, and for the rent which the assignee may afterwards owe. Evidence considered, and held sufficient to support a judgment foreclosing a landlord's lien upon hotel furniture as against both an original tenant and his assignee.

**2.—Debtor and Creditor—Acceptance of Draft—Discharge of Debt.**

The acceptance of a draft for collection, the money when collected to be applied to the payment of an existing debt, will not discharge the debt unless the draft is paid.

**3.—Promissory Notes—Release of Endorser—Failure to Sue.**

When a debtor endorses and delivers to his creditor the notes of a third party in satisfaction *pro tanto* of the debtor's debt, and the notes are so accepted by the creditor, a failure by the creditor to sue thereon at the first or second term of the court having jurisdiction after maturity will release the endorser from the debt.

**4.—Junior Lienor—Rights and Equities.**

As between first and second lienholders upon the same property, the second lienholder has the right to see that the debt of the first lienholder is reduced by any offset that the common debtor has against such debt, to the end that his security may not be impaired.

**5.—Same—Landlord—Mortgagee—Sequestration—Rents.**

W. held a landlord's lien on property of G.; K. held a mortgage upon the same property to secure a debt against G.; during a suit between the three for debt and foreclosure, K. sequestered the property and W. replevied the same and used it for two years. Held, that as against K. the debt due W. by G. should be credited with the reasonable rental value of the property during the time W. held and used it, and this without regard to whether or not W. wrongfully replevied or whether he won or lost his suit against G.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Hogg, Gill & Jones, A. D. Lipscomb* and *Blain, Howth & Adams,* for appellant.

*O'Brien, John & O'Brien,* for appellee Wilson.

McMEANS, ASSOCIATE JUSTICE.—Appellant, Edward Kennedy, sued the appellee, A. E. Groves, to recover on certain promissory notes executed in his favor by appellee for part of the purchase price of certain furniture in the Clarendon Hotel in the city of Beaumont, and to foreclose a lien thereon. Upon an allegation that appellee Wilson was asserting some character of lien on the furniture and was holding the same in his possession, he was made party defendant.

The case was tried by the court without a jury, and the court filed its findings of fact and conclusions of law, from which, and from the pleadings of appellee Wilson, the following brief statement, it is thought, will be sufficient to disclose the issues involved in this appeal as well as explain the grounds upon which this opinion is based.

Wilson being the owner of the Clarendon Hotel in Beaumont on March 8, 1902, rented it to appellant Kennedy for a period of three years. Kennedy furnished the hotel at his own expense at a cost of about $4500. On January 13, 1904, Kennedy having fallen behind in the payment of rents, and then owing Wilson about $1600, transferred his lease, with Wilson's consent, to appellee Groves. Kennedy then sold the furniture to Groves for $3750, upon terms of $500, which was to be paid in cash, and the balance in notes, retaining an express lien on the furniture as security. It was agreed between Wilson and Kennedy that the latter should discharge his debt to Wilson by paying to him the $500 which Groves had agreed to pay in cash for the furniture, and to endorse over to Wilson $1100 worth of the notes given by Groves to Kennedy in part payment for the furniture. The trade between Kennedy and Groves was duly closed, and Groves executed and delivered his notes as agreed, but failed to pay the cash consideration agreed upon, but instead of so doing delivered to Wilson's representatives a draft on a third party for $500, which was received by such representatives for collection only and not in discharge of the cash payment Kennedy had agreed to make to Wilson. The draft was never paid. Kennedy, however, endorsed over $1100 worth of the notes to Wilson, who thereupon in writing released Kennedy from further liability under the lease contract for rents to accrue in the future, but expressly stipulated that Kennedy should not be released from any liability as endorser of said notes. Groves, after occupying the hotel for awhile, abandoned its possession to the owner, Wilson, but never paid any rent during the time he held it and never paid any of the notes given by him to Kennedy for the purchase price of the furniture. Kennedy then brought suit against Groves on the notes retained by him and to foreclose his lien on the furniture, making Wilson a party defendant, and seized the furniture by writ of sequestration. Wilson replevied the property and retained the use of same in connection with the hotel for two years, and its fair rental value during said time was $1200. Wilson in his answer, which was not filed until more than two terms of the court had elapsed after the maturity of notes endorsed to him by Kennedy, set up the contract of lease between himself and Kennedy in which it was provided that the consideration to be paid by the latter for the three years should be $18,000, in monthly installments of $500 each, and stipulating that Wilson, for security for said sum and for each installment

accrued or to accrue under the contract, should have a valid lien upon the furniture, and providing further that Kennedy should in no wise be released from liability for the whole sum to accrue for the rental period, and in case of a sub-letting the same should be subject to all the terms and conditions contained in the contract, and further set up that his lien as landlord for security for the $500, which Kennedy had promised to pay him out of the proceeds of the sale to Groves, and as security for the $1,100 in notes turned over to him by Kennedy, and as security for the amount due him as rent by Groves, was superior and paramount to the lien retained by Kennedy on the sale by him of the furniture to Groves. He prayed for judgment against Kennedy for the $500, and for judgment against both Kennedy and Groves for $1,100, the amount of the notes of Groves endorsed over to Wilson by Kennedy, with interest and attorney's fees, and for judgment against Groves for the amount accrued as rent during Groves's tenancy, and that his lien on the furniture to secure each and all of said sums be decreed superior to the lien asserted by Kennedy.

The transfer of the lease and sale of the furniture by Kennedy to Groves was in writing, and, among other things, it provided that the furniture was sold subject to the landlord's lien "as provided by the laws of Texas in favor of the landlord for rents due upon said building as well as said landlord's lien expressly retained in said lease contract between E. E. Wilson, as owner, and myself (Kennedy) heretofore executed; and the said Groves accepts said assignment of said lease and transfer of said furniture and chattels with the express understanding that the same is made subject to said landlord's lien." It was further provided that the lien retained by Kennedy as security for the notes given him in part payment of the furniture by Groves should be "subject to the landlord's lien hereinbefore mentioned and secondary thereto;" and further that, "This lien and all rights of seizure, sale or foreclosure hereunder are expressly understood to be secondary and subject to said landlord's lien and any and all payments of the rents due unto the said landlord upon said building." The consent by Wilson to the transfer of the lease by Kennedy to Groves was also in writing, and provided, among other things, that it should be "expressly understood and agreed that said transfer is made subject to the landlord's lien for rents upon said buildings, . . . it being understood as a condition of said transfer that said Groves accepts said lease as lessee subject to all the terms, stipulations, conditions and obligations as set forth in said original lease unto Ed Kennedy . . . and subject to all said conditions and stipulations, I hereby consent to said assignment of said lease."

Under this state of facts the court rendered judgment in favor of Wilson against Kennedy for $500, with eight percent interest from January 13, 1904; and in favor of Wilson against both Kennedy and Groves for $1,100, being the amount of the notes endorsed to Wilson by Kennedy, with interest and attorney's fees; and in favor of Wilson against Groves for $2,029.50 with interest, being amount accrued as rent during Groves' tenancy; and for foreclosure as against both Kennedy and Groves. The court refused to credit the account of Groves

with the value of the use of the furniture during the two years Wilson had the use of it.

By his first assignment of error appellant contends that the court erred in finding and foreclosing a lien in favor of Wilson for the $500, for which the draft had been given by Groves to him, and for the $1,100, being the amount of the notes of Groves, endorsed by Kennedy to Wilson, and for the additional sum of $2,029.50, rent that accrued during Groves' tenancy because, he contends, when a tenant assigns the unexpired portion of his lease to another with the consent of the landlord, and the landlord accepts the assignee as his tenant, the original tenant is relieved from further liability under the lease for future rents, and the goods of the original tenant remaining upon the premises in the hands of the sub-tenant are not subject to the landlord's lien for rents accruing after the assignment. Under this assignment appellant argues that in view of the terms of the instrument releasing Kennedy from rents thereafter to accrue it is clear that it was intended also to release the furniture from the operation of the landlord's lien other than as security for the amount of rent theretofore maturing.

There is no doubt that the acceptance of Groves by Wilson as lessee under Kennedy would, in the absence of evidence showing a contrary intention, operate as a relinquishment of his landlord's lien upon the property of Kennedy remaining on the rented premises. Loustaunau v. Lambert, 1 Texas Civ. App., 441; Ascarete v. Pfaff, 34 Texas Civ. App., 375. It may be stated here, however, that the furniture in question did not belong to Kennedy, he having parted with the title thereto on its sale to Groves. At most, he only held a lien as security for the notes given him by Groves for the purchase of the property. This lien being upon the property at the time Groves' tenancy began would perhaps be superior to the landlord's lien for rent to thereafter accrue, in the absence of evidence authorizing a contrary finding. It indisputably appears from the evidence that it was the intention of Wilson to release Kennedy from the payment of rents to accrue under Groves' occupancy of the rented premises, but it by no means follows that it was intended by Wilson or Kennedy to release the property from the landlord's lien; on the contrary, it is manifest that throughout the entire transaction it was the intention of both Wilson and Kennedy that the former's landlord's lien should be superior to the lien of Kennedy as security for the purchase money notes given to him by Groves.

As shown in the foregoing statement, Wilson had a lien upon the property as security for all the rent to accrue under Kennedy's lease, which for the three years amounted to $18,000. It would, it seems to us, be the exercise of poor business judgment for him to release property subject to his lien, and then look for the payment of rents to thereafter accrue solely to a person admittedly insolvent. But it is not to the exercise or not of business judgment we must look, but to the intention of the parties as manifested by their acts and contracts. The contract of lease between Wilson and Kennedy provided that any subleasing of the premises should be subject to all the terms and conditions of the lease. One of the conditions was that the landlord should have a lien upon all the furniture to secure the entire

amount to accrue during the life of the lease. Evidently, with this condition in mind Kennedy, in selling his lease to Groves, undertook to make it clear that his lien for deferred payment of the purchase money should not be superior to that of the landlord, for he expressly stipulated in his contract of sale that it was sold "subject, however, to the landlord's lien as provided by the law of the State in favor of landlords for rents due upon said building as well as said landlord's lien expressly retained in said lease contract between Wilson as owner and myself (Kennedy) heretofore executed, and said Groves accepts said assignment of said lease and transfer of said furniture and chattels with the express understanding that the same is made subject to said landlord's lien," and further, "Said notes (those given by Groves for the purchase price of the property) are secured in their payment by a vendor's lien upon the property hereby conveyed, which lien is, however, subject to the landlord's lien hereinafter mentioned, and secondary thereto, to secure the payment of the above mentioned notes." In the written consent to the assignment of the lease by Kennedy to Groves, it was stipulated that the transfer should be subject to "said landlord's lien, . . . it being understood as a condition of said transfer that said Groves accepts said lease as lessee subject to all the conditions and obligations as set forth in said original lease;" and "Said rentals shall stand payable and secured by all the terms and conditions of said lease." From this it was manifestly the intention of the parties, while releasing Kennedy from all personal liability for installments of rent falling due after he assigned his lease to Groves, to continue in full force and effect the landlord's lien upon the furniture as security for the rents then accrued and subsequently to accrue, and that such lien should be superior to the lien for the purchase money reserved by Kennedy on his sale to Groves. The assignment is overruled.

Appellant by his second assignment complains that the court erred in finding against Kennedy only for the sum of $500. He contends that the acceptance by Wilson's attorneys of a draft drawn by Groves for said sum, said draft not being endorsed by Kennedy and no demand for its payment having been made on him after its dishonor until Wilson filed his cross-bill in this suit, such acceptance operated as a discharge of Kennedy's indebtedness in said amount. The assignment can not be sustained. When Kennedy sublet the hotel he owed Wilson $1,600, which amount he agreed to discharge by paying him $500 in cash, which was the same amount Groves had agreed to pay Kennedy in cash, and to endorse over to Wilson $1,100 worth of the notes that Groves had agreed to give him for the balance of the purchase price of the furniture. When Groves came to pay the cash consideration he found that he did not have that much money on hand and in lieu thereof he drew a draft for said sum on a friend, which he delivered to Wilson's attorneys, who accepted it for collection only and not in discharge of any part of Kennedy's debt. It was not disputed that Kennedy agreed to pay Wilson the $500, and it is not pretended that the draft was ever paid, or that Wilson otherwise ever received said sum; hence, the debt is still unpaid and was in no wise affected by the circumstances under which Wilson's attorneys received the draft.

By his third assignment appellant complains that the court erred in finding against him and in favor of appellee Wilson for the sum of $1,100, and interest and attorney's fees, evidenced by notes of Groves endorsed by appellant to Wilson, for the reason that the undisputed facts show that said notes were never presented to Kennedy at maturity, nor were they protested, and suit was not brought thereon within the proper time to hold him as endorser.

Wilson's cross-action against Kennedy on the Groves' notes was not begun until after more than two terms of the court had elapsed after their maturity; the notes were never presented for collection at maturity, nor were they protested. The evidence justifies a finding that when Kennedy turned them over to Wilson he did so in discharge of his debt *pro tanto,* and that Wilson accepted them in that way. The latter then executed a written instrument releasing Kennedy from further liability for rents to accrue in the future, and expressly stipulated, "this is not intended, however, to release him from any liability as endorser upon any notes which I hold." It seems clear from this that Wilson, in accepting the notes, intended to release Kennedy from the payment of so much of the debt due by him as equalled the face value of the notes, save that he held him as endorser only. To hold him as such it was incumbent on Wilson to fix his liability in one of the modes pointed out by statute, and failing to do this, Kennedy was released from liability. It follows, therefore, that the judgment against Kennedy for the amount of the notes, interest and attorney's fees was erroneous. The assignment is sustained.

Error is assigned upon the action of the court in refusing to credit Groves' liability to Wilson with the value of the use and hire of the furniture during the time of its possession and use by Wilson. As before shown, the title of the furniture was in Groves, subject to a lien in favor of Wilson, and also to a lien in favor of Kennedy. As against Groves, neither had the right of possession. The court found, and his finding is sustained by the evidence, that Wilson held and used the property for two years and that the value of its use for that time was $1,200. Groves' liability to Wilson was therefore less by $1,200 than the judgment of the court allows. Kennedy, as junior lienor, had the right to have the accounts between Groves and Wilson adjusted and to have any proper credits made thereon which Groves might have enforced, because Kennedy's lien, being secondary to Wilson's, the latter, as against Kennedy, could foreclose for no more than was actually due after all proper credits were allowed. Appellee Wilson contends, however, that Kennedy having seized the property by writ of sequestration, and he, Wilson, having replevied, would be liable for the value of the use and hire of the property only in the event he wrongfully replevied and the suit decided against him, and that as his replevy of the furniture was not wrongful there was no obligation upon him to account for the hire or rents thereof.

Kennedy's right to have the accounts between Wilson and Groves adjusted existed entirely independent of the fact that Kennedy sequestered and Wilson replevied. The right to replevy may have existed in Wilson as a lienor in possession, and it is immaterial that Kennedy had no right to a judgment on the replevy bond. Kennedy, perhaps,

had no right to a personal judgment for the value of the use of the furniture, and in fact such a judgment was not sought by him, but he did ask that Wilson be not allowed to foreclose for any greater sum than the balance due by Groves to Wilson, and we think that the court erred in directing a foreclosure for a larger sum than that actually due.

We have examined appellant's other assignments of error and are of opinion that no reversible error is shown in any of them.

The judgment of the court below is reformed so as to relieve appellant from the judgment rendered against him on the notes endorsed over to Wilson by him, amounting to $1,100, interest and attorney's fees, and so as to relieve the property foreclosed upon of so much of Wilson's lien as equals $1,200, the value of the use and hire of the property during the two years Wilson held and used the same; and the said judgment, as so reformed, is affirmed.

*Reformed and affirmed.*